## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

JULIE HECHT,

                                                        Case No.

          Plaintiff,

vs.


HEIDI BRANDT and JERRY WELLS,

          Defendant.

————————————————————/

## DEFENDANT, HEIDI BRANDT'S NOTICE OF REMOVAL
## WITH INCORPORATED MEMORANDUM OF LAW

Defendant, HEIDI BRANDT, appearing pro se, and pursuant to 28 U.S.C. §§ 1332, 1441

and 1446(b)(1) and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of

removal of this case from the Supreme Court of New York in and for New York County, New

York to the United States District Court for the Southern District of New York, with full

reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, HEIDI

BRANDT states as follows:

I.     **FACTUAL BACKGROUND**

       1.      This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1)

and 1441 with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest

and costs.

       2.      On or about June 4, 2021, Plaintiff JULIE HECHT commenced a civil action

against HEIDI BRANDT and JERRY WELLS in the Supreme Court of New York in and for

New York County, New York styled Julie Hecht v. Heidi Brandt and Jerry Wells, and bearing

Index No. 154012/2012. [A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A"].

3.     Plaintiff's initial Complaint was served on Heidi Brandt via email with the state court's permission on June 21, 2023. [A true and correct copy of the NOTICE OF SERVICE AND THE COURT'S ORDER is attached hereto as Exhibit "B"].

4.     Plaintiff's Verified Complaint asserts ten (10) causes action against Heidi Brandt, the fiancé of Plaintiff's ex-husband, Jerry Wells, arising out of an email Brandt sent to her attorney friend regarding concerns that Hecht's claim for damages in a lawsuit he was defending may not be meritorious. Plaintiff asserts a cause of action for (1) Libel Per Se; (2) Fraud; (3) Aiding and Abetting a Fraud; (4) Fraudulent Concealment; (5) Aiding and Abetting Fraudulent Concealment; (6) Breach of Fiduciary Duty of Confidentiality; (7) Violations of Civil Rights Laws §§ 50, 51; (8) Conversion; (9) Intentional Infliction of Emotional Distress; and (10) Prima Facie Tort. [See Exhibit "A".]

5.     Plaintiff asserts that she is a resident of the County and State of New York. [See Exhibit "A" ¶ 5.]

6.     Plaintiff admits, under oath, that Defendant is a resident of the State of Florida. [See Exhibit "A" ¶ 6.]

7.     Plaintiff seeks actual damages in excess of $250,000.00 for each of her causes of action as well as punitive damages in the sum of One Million ($1,000,000.00) as a result of the alleged actions of Ms. Brandt. [See Exhibit "A" ¶¶ 52, 60, 70, 85, 105, 120, 124, 134, 139, 152, and 156.] These sums exceed the necessary threshold under Federal law.

8.      This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

9.      In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after service on Ms. Brandt of Plaintiff's Complaint. [Ex. A.] Therefore, this Notice is Timely filed pursuant to 28 U.S.C. § 1446(b).

10.     A true and correct copy of all process, pleadings, and other papers or exhibits of every kind filed with the state court in this action, along with a Docket Sheet from the Clerk of Court, are attached hereto as composite Exhibit "C" as required by 28 U.S.C. § 1446(d).

11.     Following the filing of this Notice of Removal with this Court, BRANDT will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

12.     BRANDT reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.     <u>REMOVAL IS TIMELY</u>

13.     In accordance with 28 U.S.C. § 1446(b)(1), HEIDI BRANDT files this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim upon which Plaintiff's action is based. The thirty (30) day period commenced on June 19, 2023, which Plaintiff served her Complaint on HEIDI BRANDT.

14.     Venue is proper in this Court because the New York Supreme Court where Plaintiff filed her state court Complaint is located in New York County, which is located within the United States District Court for the Southern District of New York.

### III.    THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

15.    The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court be BRANDT, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

(a)    This is an action between citizens of different states; and

(b)    This is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. 1332(a).

### A.    Plaintiff is a Citizen of the State of New York

16.    Plaintiff's Complaint specifically alleges that Plaintiff is a New York resident domiciled in New York County, New York.  [*See* Ex. A, ¶ 5.]

17.    "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship."  *See, e.g., Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009).

### B.    Both Defendants Are Citizens of the State of Florida

18.    Plaintiff's Complaint specifically alleges that Defendant Brandt is a resident of the State of Florida.  [*See* Ex. A, ¶ 6.]

19.    Plaintiff's Complaint also specifically alleges that Defendant Jerry Wells is a resident of the State of Florida.  [*See* Ex. A, ¶ 7.]

20.    As stated *supra*, "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship."  *See, e.g., Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009).

## IV.    **AMOUNT IN CONTROVERSY**

21.    Likewise, the statutory requirement that the amount in controversy exceed $75,000.00 exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

22.    Plaintiff's Complaint specifically alleges that she sustained serious injuries and damages from the alleged conduct of Defendant(s) in the sum of $250,000.00 for each cause of action as well as asserting a claim for punitive damages in the sum of $1,000,000.00.  [See Exhibit "A" ¶¶ 52, 60, 70, 85, 105, 120, 124, 134, 139, 152, and 156.]

23.    Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction, thus rendering removal proper.

## V.    **CONCLUSION**

24.    This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, original jurisdiction of this matter is vested in this Court and HEIDI BRANDT respectfully requests that this action proceed in this Court as a matter properly removed.

WHEREFORE, Defendant HEIDI BRANDT, respectfully requests that this action currently pending in the Supreme Court of New York County, New York be removed to the United States District Court for the Southern District of New York, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted this 19th day of July, 2023.

HEIDI M BRANDT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on Plaintiff via email at jhnyc99@aol.com.

HEIDI M BRANDT