UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIE HECHT,

                Plaintiff,

            -against-

HEIDI BRANDT; JERRY WELLS,

                Defendants.

23-CV-6279 (JLR)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

JENNIFER L. ROCHON, United States District Judge:

      On July 20, 2023, state-court Defendant Heidi Brandt removed this action to this court from New York Supreme Court, New York County, by submitting by email a notice of removal. On the same day that Brandt removed this action, the other state-court Defendant, Jerry Wells, filed a separate notice of removal, which was opened as a separate civil action. *See Hecht v. Wells*, No. 23-CV-6276 (JLR). It is unclear why Brandt and Wells did not file one notice of removal.

      By order dated August 21, 2023, Chief Judge Swain issued an order directing Brandt to either submit the $402.00 filing fees to proceed with a civil action in this court, or to file an application for leave to proceed *in forma pauperis* ("IFP"). (ECF 7.) On September 5, 2023, Brandt submitted a letter stating that she had "enclosed a Personal Money Order . . . to pay the IFP Application fee for Mr. Wells and myself (Heidi Brandt)." (ECF 9.) The matter was then reassigned to my docket. The $402.00 payment, however, was applied to the case filed by Wells, 23-CV-6276, and not this matter. In other words, Brandt has not yet complied with the August 21, 2023 order directing her to either pay the fees or submit an IFP application for this matter, and it cannot proceed until she does so.

Thus, Brandt must comply with the August 21, 2023 order by either paying the $402.00 in fees or submitting an IFP application, by September 21, 2023. If Brandt submits the IFP application, it should be labeled with docket number 23-CV-6279 (LTS). If the Court grants the IFP application, Brandt will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915. If Brandt fails to comply with this order within the time allowed, the action will be dismissed without prejudice to the matter pending under 23-CV-6276, to which she is already a party.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Dated:   September 11, 2023
         New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[1] Brandt may also submit a letter requesting a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. Such a dismissal would also be without prejudice.